IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER SEVIER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-21-187-HE |
| ) | |
| **S. GRANT, WARDEN,** ) | |
| ) | |
| **Respondent.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing *pro se*,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docs. 1, 7).[2] United States District Judge Joe Heaton referred the matter to the undersigned for initial proceedings under 28 U.S.C. § 636(b)(1). (Doc. 3). Respondent filed a Motion to Dismiss the Petition or, Alternatively, Transfer to the Northern District of Texas. (Doc. 10). For the reasons set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion and **TRANSFER** this action to the United States District Court for the Northern District of Texas.

**I.     Background**

On February 7, 2017, while Petitioner was in the custody of the Oklahoma Department of Corrections, a federal grand jury in the Northern District of Texas indicted

---

[1] The court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. 1; *United States v. Sevier*, No. 3:17-CR-69-L, at Doc. 1 (N.D. Tex. Feb. 7, 2017)). A federal detainer was filed against Petitioner on December 29, 2017. (Doc. 1, at Ex. 1). A copy of the detainer was delivered to Petitioner on January 3, 2018, and at that time he allegedly informed the state Correctional Records Officer that he "wish[ed] to demand a speedy trial." (Doc. 1, at 5). On March 5, 2019, Petitioner pled guilty to the indictment in the Northern District of Texas, and the court accepted Petitioner's plea on March 26, 2019. (*Sevier*, No. 3:17-CR-69-L, at Docs. 27, 31).

As a result of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the United States moved to dismiss the original indictment against Petitioner. (*Sevier*, No. 3:17-CR-69-L, at Docs. 48, 49). After Petitioner waived his right to indictment, the United States filed an information charging him with the same two offenses. (*Id*. at Docs. 42, 43). Petitioner then entered another guilty plea on August 19, 2019. (*Id*. at Doc. 50). Petitioner appealed his sentence, which was affirmed by the Fifth Circuit. *United States v. Sevier*, 803 F. App'x 792, 793 (5th Cir 2020). Petitioner then appealed to the United States Supreme Court, which denied his petition for certiorari on November 9, 2020. *Sevier v. United States*, 141 S. Ct. 837 (2020).

Petitioner now seeks relief in this Court in an action styled as a petition under 28 U.S.C. § 2241, which was filed March 8, 2021. (Docs. 1, 7). Petitioner raises only one issue – a violation of his right to a speedy trial under the Sixth Amendment. (Doc. 1, at 6).

2

Petitioner asserts that the "courts fail[ed] to prosecute him within the 180 day time limit after the Petitioner requested a speedy trial." (*Id*. at 1). Petitioner claims he "demand[ed] a speedy trial on the charges [o]n January 3, 2018," but was not "transferred from state custody into federal custody [until] September 19, 2018 without his demand for a speedy trial being acted upon." (*Id*. at 4). Alleging that this violation resulted in his "unlawful incarceration," Petitioner requests that the court "'adjust' his sentence to time served" and "release [him]." (Doc. 7, at 8; Doc. 1, at 6).

## II.     Analysis

### A.     Petitioner's Claims Are Not Cognizable Under 28 U.S.C. § 2241 and Should Be Construed as a Request for Relief Under 28 U.S.C. § 2255.

"It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). "[A] federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Section 2241 petitions, on the other hand, "brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Id.* Here, Petitioner challenges the validity of his conviction and sentence, claiming that the government failed to act upon his demand for a speedy trial and thus that he is unlawfully incarcerated and should be released. Consequently, Petitioner's grounds for habeas relief are improperly raised in a § 2241 petition, and the undersigned recommends that the Court construe the Petition as a request for relief under § 2255. *See,*

*e.g., United States v. Thompson*, 120 F.3d 271 (10th Cir. 1997) (confirming the district court's decision to convert petitioner's § 2241 motion into a § 2255 proceeding because petitioner challenged the legality of his convictions).

### B. Section 2255 is Not Inadequate or Ineffective To Address Petitioner's Claims.

Congress recognized one exception to the rule that federal prisoners can only challenge the validity of their convictions or sentences under § 2255. *Prost*, 636 F.3d at 580. "[A] federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)). This savings clause applies in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). And, it is the petitioner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. *Hill v. Oliver*, 695 F. App'x 353, 356 (10th Cir. 2017) (unpublished).

> We determine whether the § 2255 remedy was inadequate or ineffective by asking whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241.

*Id.* at 355 (internal quotation marks and citations omitted). Absent such a showing, "the court lacks jurisdiction to consider the petition on the merits." *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).

Petitioner's sole allegation is that his conviction violated his right to a speedy trial. Petitioner's mere assertion that "[a] 2255 motion is inadequate because this issue is a constitutional issue, subject to correction under 2241," (Doc. 7, at 5), fails to satisfy his burden of showing that the remedy in § 2255 is, in fact, inadequate or ineffective. *See,*

4

*e.g.*, *In re Trader*, 285 F. App'x 973, 974 (3rd Cir. 2008) ("To the extent that Trader seeks to challenge his conviction based on the Speedy Trial Act, he should file a § 2255 motion."). Petitioner cannot show that he qualifies for the savings clause, as he failed to allege any grounds for relief that cannot be raised in a § 2255 petition. Having failed to establish that the remedy provided in § 2255 is inadequate or ineffective, Petitioner may not proceed under § 2241.

### C. Transfer, Rather Than Dismissal, is Appropriate.

A § 2255 motion must be brought in the district where the defendant was convicted and sentenced. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see Prost*, 636 F.3d at 580. Here, Petitioner was convicted and sentenced in the Northern District of Texas. Therefore, the Western District of Oklahoma lacks jurisdiction over his § 2255 claims.

> When a civil action is filed in a court that lacks jurisdiction,
>
> the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631. In deciding whether a transfer is in the best interest of justice, the court considers:

>whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, transfer is appropriate. First, it appears that Petitioner filed his action in the Western District of Oklahoma in good faith, as he is incarcerated in this District and he believed the action should be filed as a § 2241 petition. Second, and most significantly, if this Court dismisses Petitioner's claims rather than transferring them, Petitioner would likely be barred from filing his claims anew in the Northern District of Texas.

Petitioner filed the instant Petition on March 8, 2021, within the one-year statute of limitations applicable to the filing of § 2255 motions.[3] *See* 28 U.S.C. § 2255(f). Absent the restriction on second or successive § 2255 motions, Petitioner could timely re-file his Petition in the Northern District of Texas on or before **November 10, 2021.** However, if the Court recharacterizes this Petition as a request for habeas relief under § 2255 and dismisses it rather than transferring it, Petitioner will be barred from filing a second or successive petition in the Northern District of Texas unless he would first apply for and receive authorization from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2255(h); *Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the court of appeals] has

---

[3] The United States Supreme Court denied Petitioner certiorari in his criminal case on November 9, 2020, and Petitioner's sentence became final on that date. *Sevier*, 141 S. Ct. 837. Thus, Petitioner's one-year limitations period ends **November 10, 2021**. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (noting the limitations period began the day after the judgment became final and ended one year later, on the same day).

granted the required authorization."). It is likely impossible for Petitioner to accomplish all of these procedures within the 19 days remaining under the statute of limitations. Therefore, because Petitioner's ability to bring his § 2255 claim would almost certainly be lost absent a transfer, such a transfer to the Northern District of Texas would be in the interest of justice.

### D. Special Notice to Petitioner

A district court

> cannot . . . recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro v. United States*, 540 U.S. 375, 377 (2003); *see United States v. Spry*, 260 F. App'x 52, 54-55 (10th Cir. 2008).

To the undersigned's knowledge, Petitioner has filed no other motion requesting habeas relief under § 2255. Thus, Petitioner is advised that the undersigned is recommending to the District Court that his current Petition, filed as a § 2241 motion, be recharacterized as his first Petition under § 2255, which will cause any subsequent § 2255 motions to be deemed "second or successive" under § 2255(h). Should Petitioner wish to withdraw or amend his filing in order to avoid such recharacterization, or otherwise object to this Report and Recommendation, he must do so on or before **on or before November 10, 2021**. Furthermore, Petitioner is also advised that his one-year period within which to

timely file a § 2255 motion in the Northern District of Texas expires on **November 10, 2021.**

### III.  Recommendation and Notice of Right to Object.

For these reasons, the undersigned recommends the Court construe this Petition as a request for relief under 28 U.S.C. § 2255, **GRANT** Respondent's Motion (Doc. 10), and **TRANSFER** this action to the United States District Court for the Northern District of Texas.  **Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by November 10, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 22nd day of October, 2021.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE