IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEVIER, | ) | |
| ID # 08463-063, | ) | |
| Movant, | ) | No. 3:21-CV-2899-L-BH |
| vs. | ) | No. 3:17-CR–0069-L |
| | ) | |
| S. GRANT, WARDEN, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

## I.  BACKGROUND

Christopher Sevier (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Oklahoma that was received on March 8, 2021. (*See* doc. 1.)  His amended § 2241 petition was received on April 5, 2021. (*See* doc. 7.)  On October 22, 2021, it was recommended that the § 2241 petition be recharacterized as a first motion to vacate sentence under 28 U.S.C. § 2255. (*See* doc. 11.)  The recommendation specifically recommended transfer of the recharacterized § 2255 motion to the district of conviction instead of dismissal because Petitioner's statute of limitations for filing a § 2255 motion would expire on November 10, 2021.  (*See id.*)  Because he had not previously filed a § 2255 motion, the recommendation notified him that he had the right to withdraw or amend the recharacterized § 2255 motion, that the statute of limitations for filing any future § 2255 motion would expire on November 10, 2021, and that he had the right to object to the recommendation.  (*See id.*)  Petitioner did not file any objection to the recommendation,

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

it was accepted, and the case was transferred to this district on November 18, 2021. (*See* docs. 12, 13, 14.)

By *Notice of Deficiency and Order* dated November 22, 2021, Petitioner was notified that he had not filed his § 2255 motion on the appropriate form. (*See* doc. 17.)  He was ordered to complete and return the enclosed form for § 2255 motions within thirty (30) days. (*Id.*)  The notice specifically advised him that any amended § 2255 motion would be subject to the one-year statute of limitations, and that a failure to comply with the order could result in the dismissal of the case for failure to prosecute or to follow court orders. (*Id.*)

Well more than thirty days from the order have passed, but Petitioner has not filed his § 2255 motion on the appropriate form, and he has not filed anything else in this case in either district since the filing of his amended § 2241 petition on April 5, 2021.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Here, Petitioner was given thirty days to file his § 2255 motion on the appropriate form in this district, and the notice of deficiency and order specifically warned that failure to comply could result in the dismissal of his case.  Prior to the transfer of his case to this district, he was warned about the consequences of the recharacterization of his § 2241 petition as a § 2255 motion and the impending expiration of the statute of limitations, and he was given an opportunity to object.  He did not object to the recharacterization of his § 2241

2

petition or otherwise respond in the transferring district, and he has still has not complied with the order in this district to file his § 2255 motion on the appropriate form. He has filed nothing in either district since April 2021. Because he failed to follow court orders or otherwise prosecute his case, his habeas case should be dismissed.

### III.  RECOMMENDATION

The habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner files his § 2255 motion on the appropriate form within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 28th day of March, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE