IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL SEVIER, | ) | |
|     ID # 08463-063, | ) | |
|         Movant, | ) | |
| | ) | No. 3:21-CV-2899-L-BH |
| vs. | ) | No. 3:17-CR-69-L(1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 18, 2022 (doc. 22), should be liberally construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

**I.    BACKGROUND**

Christopher Sevier (Movant) initially filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Oklahoma that was received on March 8, 2021, and he filed an amended § 2241 petition that was received on April 5, 2021, challenging his criminal conviction in Cause No. 3:17-CR-67-L(1) in this district. (*See* docs. 1, 7.) On October 22, 2021, it was recommended that the § 2241 petition be recharacterized as a first motion to vacate sentence under 28 U.S.C. § 2255. (*See* doc. 11.) The recommendation specifically recommended transfer of the recharacterized § 2255 motion to the district of conviction instead of dismissal because Movant's statute of limitations for filing a § 2255 motion would expire on November 10, 2021.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

(*See id.*)  Because he had not previously filed a § 2255 motion, the recommendation notified him that he had the right to withdraw or amend the recharacterized § 2255 motion, that the statute of limitations for filing any future § 2255 motion would expire on November 10, 2021, and that he had the right to object to the recommendation.  (*See id.*)  Movant did not file any objection to the recommendation, it was accepted, and the case was transferred to this district on November 18, 2021.  (*See* docs. 12, 13, 14.)

By *Notice of Deficiency and Order* dated November 22, 2021, Movant was notified that he had not filed his § 2255 motion on the appropriate form.  (*See* doc. 17.)   He was ordered to complete and return the enclosed form for § 2255 motions within thirty (30) days.  (*See id.*)  The notice specifically advised him that any amended § 2255 motion would be subject to the one-year statute of limitations, and that a failure to comply with the order could result in the dismissal of the case for failure to prosecute or to follow court orders. (*See id.*)  Movant failed to respond.

On March 28, 2022, it was recommended that the case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders.  (*See* doc. 18.)  The recommendation was accepted, and the case was dismissed without prejudice by judgment entered on April 18, 2022.  (*See* docs. 19, 20.)

On April 22, 2022, Movant's § 2255 motion, which was dated April 8, 2022, and processed in the prison mail system on April 12, 2022, was received, and it was filed in a new § 2255 action. (*See* doc. 22; *see also* No. 3:22-CV-872-L-BH, doc. 2.) The motion challenged the same underlying criminal conviction initially challenged in his § 2241 petition for the same reasons, and the supporting brief specifically listed the number for this action in the case caption. (*See* docs. 22, 23.)  Because the § 2255 motion and brief in support appeared to have been timely filed in response to the recommended dismissal, they should have been filed in this case instead of a new

case. For that reason, the new § 2255 action was consolidated with this case on April 21, 2022, and terminated. (*See* doc. 21.)[1]

## II.     NATURE OF FILING

The § 2255 motion was dated and processed in the prison mail system within fourteen days of the March 28, 2022 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because it was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

## III.     FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party

---

[1] *Miscellaneous Order No. 6,* Case 3:04-mi-00006, doc. 5 (May 5, 2005), authorizes magistrate judges in this district to "[r]eview and construe papers presented to the clerk and direct the clerk as to whether and in what manner said papers will be accepted, if appropriate for filing or other disposition by the court" in all cases filed by prisoners, *pro se* litigants, and persons seeking to proceed *in forma pauperis*.

must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the § 2255 motion does not implicate either an intervening change in law or the availability of new evidence, but it does implicate a manifest error of fact. Because it was dated and processed within the fourteen-day period for objecting to the March 28, 2022 recommendation, and before entry of judgment, it appears that Movant was attempting to comply with the orders of the Court. The balance tips in favor of the need to render a just decision on the merits of the case.

Accordingly, the motion should be granted, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be vacated.

## IV.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 18, 2022 (doc. 22), should be liberally construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

**SIGNED this 22nd day of April, 2022.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE