IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SEVIER,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No**. 3:21-CV-2899-L-BH** |
| | § | |
| **S. GRANT, WARDEN,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

On April 22, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 18) ("Report") was entered, recommending that the court should **construe** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 22) as a motion for relief under Federal Rule of Civil Procedure 59(e), grant the Rule 59(e) motion, and vacate the judgment entered on April 18, 2022, that dismissed without prejudice this habeas action pursuant to Federal Rule of Civil Procedure 41(b).   No objections to the Report were received as of the date of this order.

The Report recommends that Petitioner's Motion (Doc. 22) be treated as a request for relief under Rule 59(e) because it appears to have been filed within the time for filing objections to the magistrate judge's prior March 28, 2022 report and recommendation to dismiss the action under Rule 41(b) as a result of Petitioner's failure to complete and return the section 2255 form provided to him by December 22, 2021, or within 30 days of the magistrate judge's November 22, 2021 order. The Report also notes that the Motion appears to be an attempt by Petitioner to comply with the magistrate judge's November 22, 2021 order.

The court agrees that, under the prison mailbox rule, the Motion filed by Petitioner appears to have been filed before expiration of the deadline for objecting to the magistrate judge's March

**Order – Page  1**

28, 2022 report and recommendation that the action be dismissed under Rule 41(b). Assuming that the Motion was intended as objections, the court also agrees that it should be construed as a request for relief under Rule 59(e) because it was not received until after entry of judgment. *See Alexander v. Milligan*, 201 F. App'x 228, 230 (5th Cir. 2006) ("Alexander is correct that the district court erred in finding that he did not timely file objections to the magistrate judge's report. Moreover, because the objections were filed within 10 days of the final judgment, the objections should have been construed by the district court as a Fed. R. Civ. P. 59(e) motion.") (citing *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990)) (other citations omitted).

Regardless of whether the Motion is construed as timely objections and subjected to a de novo review or as a request to alter or amend the judgment under Rule 59(e) motion, the result would be the same because it does not explain why Petitioner delayed until approximately four months after the December 22, 2021 deadline before completing and returning the section 2255 habeas form that was provided to him.  In other words, Petitioner has not presented any valid reason in the form of objections or a Rule 59(e) motion that would warrant setting aside the order and judgment that dismissed this case pursuant to Rule 41(b) as a result of his failure to prosecute and comply with court orders.

Having considered the Motion, file, Report, and record in this case, and having conducted a do novo review of that section of the Report to which objection was presumably made, the court **accepts** the magistrate judge's findings and conclusions. For the reasons explained, however, the court **rejects** the recommendation that the judgment in this case be vacated in light of Petitioner's Motion (Doc. 22). Thus, to the extent the Motion (Doc. 22) was intended to be objections to the Report, the objections are **overruled.** To the extent Petitioner filed the Motion (Doc. 22) with the intent of seeking relief under Rule 59(e), it is **denied** for the same reason.

**Order – Page  2**

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **incorporates by reference** the orders previously entered in this case (Docs. 17, 18, 19). In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 24th day of May, 2022.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)  Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> (b)  Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.